**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 09-305-JBC**

**POWELL MOUNTAIN ENERGY, LLC,**                                      **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**MANALAPAN LAND COMPANY, LTD.,**                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's objections and motion to set aside or modify Magistrate Judge Robert Wier's order for limited sanctions. R. 76, 77. In its response, the plaintiff asks this court to *sua sponte* impose monetary sanctions. R. 80. For the reasons below, the court will deny the motion to set aside or modify and will not impose sanctions.

This motion stems from a dispute between the parties regarding violations of an Agreed Protective Order. Plaintiff Powell Mountain fought hard to avoid disclosing the financial specifics of the Penn-Virginia Lease ("Lease") to defendant Manalapan. After two calls with Magistrate Judge Wier and under compulsion, Powell Mountain produced the unredacted Lease, including detailed pricing, minimum royalty, and production terms. The Lease was expressly labeled "Confidential - Attorneys' Eyes Only," a designation Powell Mountain had the right to make under the Agreed Protective Order previously entered. R. 29. Manalapan's counsel received the full Lease and then promptly provided the complete document,

1

including its sensitive terms, to Manalapan's General Partner, Benjamin Bennett. Counsel also apparently disclosed other "Attorneys' Eyes Only" documents.

Magistrate Judge Wier determined that the Agreed Protective Order was not "perfect" but "there is no fair doubt that the attorneys' eyes only designation exists and here applies." R. 53 at 1-2. He also found that Manalapan counsel "had no right to make this disclosure under the Agreed Protective Order, and counsel's arguments to the contrary strain credibility." *Id.* at 2. He ordered Manalapan's counsel to identify any persons to whom she disclosed any "Attorneys' Eyes Only" documents and return all such documents to Powell Mountain. Once the documents are returned, Manalapan's counsel may be allowed to review the documents only at the law offices of Powell Mountain's counsel.

Manalapan moved to set aside Magistrate Judge Wier's order. R. 58, 59, 62. Powell Mountain filed a motion for monetary sanctions for violations of the Agreed Protective Order. R. 56. Both motions were denied by Magistrate Judge Wier. R. 70. Manalapan moved to set aside or modify Magistrate Judge Wier's order and Powell Mountain, in its response, asks that this court award additional monetary sanctions *sua sponte*.

This court will review Magistrate Judge Wier's orders under the clearly-erroneous or contrary-to-law standard under Fed. R. Civ. Pro. 72(a), as the matter was pretrial and non-dispositive. Magistrate Judge Wier's order required the defendant to give an accounting of any persons to whom it disclosed any

2

"Attorneys' Eyes Only" documents and return all copies of such documents to Powell Mountain. However, Manalapan's counsel may review the documents at the law offices of Powell Mountain's counsel and "Powell Mountain shall give access at reasonable and agreed upon times." R. 53 at 3. Further, Manalapan's counsel "may discuss the content of the attorneys' eyes only documents with an expert under ¶ 8(b)(iv) [of the Agreed Protective Order], but may not have custody of the attorneys' eyes only documents." The instant pretrial order of discovery sanctions under Fed. R. Civ. Pro. 37 is not "dispositive of a claim or defense of a party." Fed. R. Civ. Pro. 72. It does not fall under the nonexhaustive list of dispositive motions in 28 U.S.C. § 636(b)(1)(A), nor is it functionally equivalent to those listed. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001). The cases cited by the defendants where a court found sanctions to be dispositive addressed Rule 11 motions made after the judgment on the underlying claim was already entered and appeal taken, which is not the case here. *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993); *Bennett v. General Caster Service of N. Gordon Company, Inc.*, 976 F.2d 995, 997 (6th Cir. 1992).

The Agreed Protective Order "clearly and unambiguously prohibit[ed]" disclosure of documents labeled "Confidential - Attorneys' Eyes Only" to Bennett. *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991)). While the Agreed Protective Order is not without flaws, it is clear that the "Confidential" and

"Confidential - Attorneys' Eyes Only" designations create two categories which separate documents and identifies those persons who can view the documents. Manalapan argues that the imprecise term of "Receiving Party" made the Order ambiguous as to whether Bennett could view the Lease. However, all attorneys in litigation are aware that the counsel of record, not their clients, serve as receiving point for all discovery production. *See* Fed. R. Civ. P. 5(b)(1) (requiring service on counsel when a party is represented). It is clear, then, that a "receiving party" would be counsel and not Manalapan. The defendant's reliance on *Grace* is misplaced, as that case involved a document available only for "the parties and their attorneys and office staff" which was shown to a consultant attorney who had not entered an appearance in the case and was not known to all the members of the defense team. *Grace*, 72 F.3d at 1240-41. The confusion as to whether a consultant attorney can view an "Attorneys' Eyes Only" document is different from this case, where a document which was clearly labeled "Confidential - Attorneys' Eyes Only" was shown to a non-attorney.

Even if this court were to allow the term "receiving party" to be an ambiguous term which it must resolve in favor of Manalapan, Bennett does not fall into the category of persons allowed to view confidential documents under the Agreed Protective Order. First, the use of the label "Attorneys' Eyes Only" clearly states the intention of the parties to disclose the Lease to Manalapan's counsel, not to Manalapan's employees who are not attorneys. Second, nowhere does the

4

Agreed Protective Order allow for the disclosure of confidential "Attorneys' Eyes Only" material to the "receiving party;" there is always a modifier. Bennett does not fall under any of the categories listed in the Order, as he is not an attorney, an outside consultant or expert, a court official, a person knowledgeable of the information contained in the Lease, or one of the authors or senders of the Lease.

Manalapan's argument that Bennett was a person with knowledge "concerning the information contained in" the document is unpersuasive. The Penn-Virginia Lease contained financial specifics known only to Powell Mountain. The very nature of such a document, to say nothing of the obvious reluctance of Powell Mountain in producing it, shows the information contained within was not known to any Manalapan employees, including Bennett. It was not reasonable for Manalapan's counsel to assume Bennett had knowledge of the information contained in the lease.

The labeling of the Lease as "Confidential - Attorneys' Eyes Only," thus prohibiting disclosure to Bennett, does not violate Kentucky Supreme Court Rule 3.130(4.1)(b) or public policy. Supreme Court Rule 3.130(4.1)(b) states that a lawyer shall "explain a matter to the extent reasonably necessary to permit the client to make informed decisions . . . ." However, "[r]ules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client." Supreme Court Commentary for Rule 3.130(4.1), Comment 7. Further, Supreme Court Rule 3.130(3.4)(c) prohibits a lawyer from

"knowingly disobeying an obligation," such as those created under the Agreed Protective Order. If Malapan's counsel believed that the Order prevented her client from making informed decisions, she had an obligation to seek leave of the court to disclose the sensitive material rather than unilaterally violating the Order.

As Powell Mountain did not object to Magistrate Judge Wier's denial of its motion for additional sanction, this court will not review that decision. However, Manalapan is advised that any further breach of the Agreed Protective Order may result in this court's exercising its authority to *sua sponte* impose any necessary and appropriate sanctions on it pursuant to Fed. R. Civ. P. 11, including but not limited to monetary sanctions. Accordingly,

**IT IS ORDERED** that the motion to set aside Magistrate Judge Wier's order (R. 76, 77) is **DENIED**.

Signed on August 31, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY