**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 09-305-JBC**

**POWELL MOUNTAIN ENERGY, LLC**                                      **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION & ORDER**

**MANALAPAN LAND COMPANY, LTD.,**                              **DEFENDANT.**


**\* \* \* \* \* \* \* \* \* \***


This matter is before the court upon Plaintiff Powell Mountain Energy, LLC's motion for partial summary judgment as to Count II of Manalapan's counterclaim (R. 133).  In resolving the pending motion, Powell Mountain urges, the court should strike the affidavit of Art Palm which is attached to Manalapan's response.  The court will grant Powell Mountain's motion to strike (R. 143), because the affidavit presents matter which is outside the scope of Palm's expert report and which is not a proper topic of expert testimony.  The court will deny the motion for partial summary judgment because Manalapan may be entitled to nominal damages related to Count II.

On November 3, 2004, Powell Mountain Coal Company, Inc. (a predecessor to Powell Mountain Energy) agreed to lease from Manalapan "all of the coal in the Darby seam on the Leased Premises for the purposes of mining and removing all mineable and merchantable coal that can be practically, economically, and profitably mined and removed by any current or future deep mining methods."  *See*

1

R. 103 at 4; R. 8 (attachment 1, "Coal Lease Agreement").  In March 2008, the parties amended the lease to require Powell Mountain to provide advance written notice of the name of any operator or entity which Powell Mountain intended to use to mine the leased premises.  Initially, Powell Mountain hired a contract mining company, R&R Mining, Inc., to mine the Darby seam.  In October of 2008, Powell Mountain replaced R&R with its own workforce.

The pending motion for partial summary judgment relates to whether Manalapan has offered evidence of damages in support of Count II of its Amended Counterclaim, which alleges, among other things, that Powell Mountain breached the agreement by failing to timely notify Manalapan that it was using R&R Mining. Manalapan submits the expert report of engineer Art Palm in support of its claims against Powell Mountain.  *See* R. 136.  Manalapan seeks damages in excess of $3,000,000 resulting from the loss of over 409,000 tons of clean coal.  R. 135 at 5; R. 108 at 10.

As an initial matter, the court must determine whether Art Palm's affidavit, dated January 18, 2012, submitted with its response to Powell Mountain's motion for partial summary judgment should be considered.  The focus of the dispute concerns the following statement in his affidavit: "Powell Mountain's failure to provide advance notice of the employment of R&R Mining as the contract miner to mine Manalapan Land's coal reserves started a chain of events that culminated in the sealing of Manalapan Land's coal reserves in a portion of the Darby Mine, resulting in the loss of over 400,000 tons of mineable and merchantable coal and

2

damages in lost coal royalties of over $2.8 million." (R. 135, Exhibit 14). This affidavit will not be considered because it is both an untimely attempt to assert a new "chain of events" theory of causation in violation of the Federal Rules of Civil Procedure and also is not the proper subject of an expert opinion in violation of the Federal Rules of Evidence.

Although a party may submit an affidavit in response to a motion for summary judgment, *see* Fed. R. Civ. Pro. 56(c), that is not the end of the matter. When the affidavit is produced by an expert witness, it must comport with both the witness's report which was produced pursuant to Fed. R. Civ. Pro. 26(a)(2) and the court's scheduling order, and it must also satisfy the strictures of Fed. R. Evid. 702, which governs opinion testimony by experts. Palm's affidavit does not pass either test.

This court's scheduling order required the timely disclosure of expert witnesses and their written reports under Fed. R. Civ. Pro. 26(a)(2). Both Palm's report, which was timely filed, and his deposition testimony rely on the sealing and sterilization of the Darby mine as the primary reason that Manalapan suffered damages from lost coal. For example, in the beginning of his report Palm states as the main issue that Powell Mountain "ultimately took action to seal off access to the subject coal reserves from their Darby Mine, thus effectively sterilizing those reserves." (R. 136 at 5) In his subsequent deposition, Palm states, "Because R&R was in there and did the damage that they did, and because R&R then mined only the walls coming out of 3 Right, they effectively sterilized a portion of those coal reserves." (R.137 at 105) Palm's report and testimony focus on the sterilization

of the mine, rather than on the failure to notify of the hiring of the subcontractor R&R, for the starting point of his "chain of events" theory.  Palm's report mentions Powell Mountain's failure to give timely notice of the subcontractor's identity to Manalapan, but only as a fact which is unrelated to his opinions and his damage calculations.

Moreover, the "opinion" in Palm's affidavit is not an opinion at all.  Whether Powell Mountain failed to notify Manalapan of its hiring of the subcontractor R&R, and whether that failure began a chain of events, are facts and not the proper subject of an expert opinion under Federal Rule of Evidence 702.  That rule states in part that an expert with "specialized knowledge" may testify in the form of an opinion if it "will help the trier of fact to understand the evidence or to determine a fact in issue[.]" The evidence of untimely notice and of what began the chain of events are fully within the grasp of the average juror.  This fact was neither a component of Palm's lengthy explanation of causation in his fifty-page report nor in his damage calculations.  Indeed, when asked at his deposition whether he had calculated damages stemming from the failure to notify, Palm replied that he had not.  *See* Palm Depo., R. 137 at 110.  Therefore, Palm's affidavit seeks to introduce a new opinion – if it may properly be characterized as such – which is outside the scope of his report.

Consequently, the Palm affidavit will be excluded under both the court's scheduling order and also Federal Rule of Evidence 702.  Powell Mountain's motion to strike this affidavit will be granted.

4

Even without the Palm affidavit, Powell Mountain's motion for partial summary judgment must be denied because Manalapan may recover nominal damages as related to Count II.  In order to prove a claim of negligence under Kentucky law, a plaintiff must prove that the defendant owed a duty of care to the plaintiff, the defendant breached its duty, and the breach proximately caused the plaintiff's damages.  *See Smith v. North Amer. Stainless, L.P.*, 158 Fed. App'x 699, 702 (citing *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir. 2002)).  Moreover, in order to prove a breach of contract, Manalapan need only show that Powell Mountain failed to observe a contractual obligation.  Here, under either theory, there are no actual damages related to the failure to notify Manalapan of the hiring of R&R as alleged in Count II, based upon Palm's report and his deposition.  However, Manalapan may be entitled to nominal damages under a breach-of-contract theory for Powell Mountain's failure to notify as required by the terms of the coal lease.  Nominal damages are recoverable for such a claim even if actual damages are not shown.  *See City of Owensboro v. Ky. Utilities Co.*, 2008 WL 4642435 at *3 (W.D. Ky. Oct. 15, 2008)(citing *Harness v. Ky. Fluor Spar Co.*, 147 S.W. 934, 940 (Ky. 1912)).  Therefore, summary judgment on Count II of the Counterclaim is inappropriate.

Accordingly, **IT IS ORDERED** that Powell Mountain's motion to strike (R. 143) is **GRANTED**.

**IT IS FURTHER ORDERED** that Powell Mountain's motion for partial summary judgment on Count II of Manalapan's Counterclaim (R. 133) is **DENIED**.

Signed on June 8, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY